NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YONGJIE LI, | No. 19-71418 |
| Petitioner, | Agency No. A206-205-238 |
| v. | |
| MERRICK GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 4, 2021
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and DONATO,** District
Judge.

Yongjie Li, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals (BIA) dismissing his appeal from the

immigration judge's (IJ) denial of asylum, withholding of removal, and relief

under the Convention Against Torture (CAT).  We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

We review the BIA's legal determinations de novo and its factual findings for substantial evidence. *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). Factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Li filed his application after May 11, 2005, so his case is governed by the REAL ID Act's standards regarding adverse credibility findings. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). An adverse credibility determination is made under "the totality of the circumstances," and may be based on "any" inconsistency or falsehood regardless of whether it "goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Credibility findings must be upheld "so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088-89 (9th Cir. 2011).

The BIA's adverse credibility determination is supported by substantial evidence. Li's testimony before the IJ was, in several of the instances cited by the BIA, inconsistent with his prior statements or other documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, Li's asylum application said that he was married and had a child at the time of the ceremony where he converted to Tibetan Buddhism, an event that had great personal significance to him. In testimony at the hearing, however, Li said he was single when the ceremony took place, and that no family attended. Li also testified that he received sutures for wounds he

suffered in prison, but the medical records he submitted make no mention of sutures. The BIA and IJ did not have to accept Li's explanations for these inconsistencies, namely that he was nervous at the hearing. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010).

Li did not present any evidence that would compel a finding that he suffered persecution in the past, or that he has an objectively reasonable fear of future persecution. *See Halim v. Holder*, 590 F.3d 971, 976-77 (9th Cir. 2009). Li testified that he suffered an incident of persecution in 2013, but the BIA permissibly found that this testimony was not credible, and discounted it accordingly. The BIA noted that, apart from the single incident in 2013, Li reported no instances of persecution against him since he converted in 2001, and that Li returned to China twice from trips in the United States without applying for asylum.

Because substantial evidence supports the adverse credibility determination, the asylum and withholding claims that depended on that non-credible testimony were permissibly denied. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020). Li has not challenged the denial of his CAT claim on appeal. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

**PETITION FOR REVIEW DENIED.**